* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments before the Full Commission. The appealing parties have shown good grounds to reconsider the evidence and amend the Opinion and Award. Accordingly, the Full Commission affirms in part and reverses and remands in part the Opinion and Award of Deputy Commissioner Hall.
 * * * * * * * * * * * *Page 2 
The following were marked and received into evidence before the Deputy Commissioner as:
 EXHIBITS
1. Plaintiff's Exhibit No. 1 — Subpoena for Defendant-Employer.
2. Plaintiff's Exhibit No. 2 — Medical expense summary.
3. Plaintiff's Exhibit No. 3 — Medical records and bills.
4. State's Exhibit No. 1 — NCIC coverage screen.
 * * * * * * * * * * * ADMISSION OF ADDITIONAL EVIDENCE
Defendants have submitted, along with their Form 44 Application for Review by the Full Commission in the present action, an affidavit styled as the Affidavit of Sherry Trotter and On-Call Nursing of NC Inc., together with attached exhibits. Defendants have neither moved for admission of the affidavit and associated exhibits as evidence in the present action pursuant to Rule 701(6) of the Workers' Compensation Rules of the North Carolina Industrial Commission, nor challenged the reasonableness of the notice of the September 29, 2006, hearing before the Deputy Commissioner provided to Defendant-Employer On Call Nursing pursuant to Rule 611(4) of the Workers' Compensation Rules of the North Carolina Industrial Commission. Because Defendants have provided no explanation of, or justification for, their failure to submit the affidavit and attached exhibits prior to the close of the record of evidence following the hearing before the Deputy Commissioner, the Full Commission declines to re-open the record of evidence to admit the affidavit and associated exhibits as part of the record of evidence on appeal.
 * * * * * * * * * * * *Page 3 
Based upon all the competent evidence of record and the reasonable inferences arising therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Defendant-Employer On Call Nursing was served with notice of the September 29, 2006, hearing before the Deputy Commissioner when the Sampson County Sheriff's Office served a Subpoena for Witness on Defendant-Employer on September 19, 2006, commanding Defendant-Employer to appear on September 26, 2006, at the time and place specified in the subpoena. No representative of Defendant-Employer appeared at the hearing of this matter before the Deputy Commissioner, and Defendant-Employer offered no evidence in this matter before the Deputy Commissioner.
2. The record on appeal does not include any evidence that Defendant Sherry Trotter, in her individual capacity, was served with notice of the September 29, 2006, hearing before the Deputy Commissioner. Defendant Sherry Trotter did not appear at the hearing of this matter before the Deputy Commissioner, and offered no evidence in this matter before the Deputy Commissioner.
3. Plaintiff started working for Defendant-Employer On Call Nursing in March 2005 performing home health care for elderly patients. Plaintiff's duties in providing home care for clients or patients of On Call Nursing included assisting them in all the activities of daily living, taking them to the store, cleaning their homes, and making sure they took their medications as prescribed. At the time of her injury, On Call Nursing had assigned four patients to Plaintiff's care.
4. Plaintiff testified, and the Full Commission finds as fact, that Defendant-Employer On Call Nursing had 30 or more employees between the time Plaintiff started working *Page 4 
for them in March 2005 through the time she last worked on September 23, 2005. There were CNA's, PSA's, and RN's working for Defendant-Employer. Plaintiff did not know all of the employees by name, but she saw all of them at a meeting in which the rules and regulations of On Call Nursing were explained to the employees. Tamika Murphy was Plaintiff's supervisor. Ms. Murphy would give Plaintiff instructions as to what duties she needed to perform for each patient assigned to her. Plaintiff would go to the place of business of On Call Nursing at least one time a week to pick up rubber gloves and to turn in her paperwork.
5. Plaintiff earned $7.00 an hour and worked 45 hours a week, yielding an average weekly wage of $315.00 and a compensation rate of $210.00. Defendant-Employer On Call Nursing paid Plaintiff with checks that were signed by Sherry Trotter. Defendant-Employer provided no wage information or Form 22 in this proceeding.
6. On September 23, 2005, Plaintiff sustained an injury while on duty as a home care aide. Plaintiff was bathing a patient and injured her back while turning the patient to one side. Plaintiff felt a stinging pain in her lower back. Plaintiff went outside and obtained the help of the patient's daughter in getting the patient pulled up in bed. Plaintiff spent her remaining time in the patient's home sitting down, and stopped by a convenience store on the way to her next patient's home to obtain some pain reliever.
7. Plaintiff was unable to complete all of her duties at a subsequent patient's home. When she bent down to pick up a vacuum cleaner to vacuum the rug, she again felt the pain in her back. Plaintiff cut her assigned duties with that patient short and went home to lie down, trying both ice and a heating pad in an effort to relieve her pain. Plaintiff informed Defendant-Employer On Call Nursing of her injury at that time, so that another employee could be sent to care for her patients the next day. *Page 5 
8. Plaintiff saw Dr. Allyn B. Dambeck on September 29, 2005, at the Goshen Medical Center with complaints of severe low back pain. Dr. Dambeck took Plaintiff out of work at that time.
9. During her subsequent visits with Dr. Dambeck, Plaintiff complained that her back was worse, and that the pain was going into her back right leg causing numbness and burning. An October 18, 2005, an x-ray showed slight scoliosis and some degenerative change in Plaintiff's L5-S1 facet joints.
10. An MRI of Plaintiff's lumbar spine was obtained on November 3, 2006, and Plaintiff returned to see Dr. Dambeck on November 22, 2006. Based on the MRI, Dr. Dambeck informed Plaintiff that she had a mild L4-5 posterior disk bulge with slight flattening of the ventral aspect of the thecal sac.
11. Dr. Dambeck released Plaintiff to return to work as of January 24, 2006. Plaintiff incurred medical expenses in the amount of $3,166.08.
12. The Full Commission finds, based on the greater weight of the evidence that Plaintiff's September 23, 2005, workplace injury was an injury to her back arising out of and in the course of her employment and was the direct result of a specific traumatic incident of the work assigned.
13. The Full Commission further finds, based on the greater weight of the evidence, that the low back pain for which Plaintiff was treated by Dr. Dambeck arose out of and was causally related to her September 23, 2005, workplace injury by specific traumatic incident, and that the treatment Plaintiff received from Dr. Dambeck for that injury was incurred to lessen the period of her disability, effect a cure, or give her relief. *Page 6 
14. As a result of her workplace injury, Plaintiff was disabled from working in any employment from September 24, 2005, until January 24, 2006.
15. Plaintiff was an employee of Defendant-Employer On Call Nursing. Plaintiff did not have the right to refuse to take assigned patients from Defendant-Employer without the risk of termination. Plaintiff was required to attend certain meetings at Defendant-Employer's place of business, and could have lost her job if she did not follow the rules set by Defendant-Employer. Plaintiff was not free to set her own hours, could not perform her duties in her own way, and had to follow the guidelines specified by Defendant-Employer.
16. Defendant-Employer On Call Nursing has not paid no temporary total disability benefits or medical compensation to Plaintiff.
17. Defendant-Employer On Call Nursing did not have workers' compensation insurance in effect at the time of plaintiff's injury. Since Defendant-Employer had 3 or more employees at the time of Plaintiff's injury, Defendant-Employer was required to carry workers' compensation insurance from at least April 1, 2005, through September 23, 2005.
18. The Full Commission makes no findings of fact at this time as to whether, between April 1, 2005, and September 23, 2005, Defendant Sherry Trotter had the ability and authority to bring Defendant-Employer into compliance with the North Carolina Workers' Compensation Act and failed to do so because there is insufficient evidence from which to find that Sherry Trotter was notified of the claim in her individual capacity.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 7 
1. Defendant-Employer On Call Nursing was served with reasonable notice of the September 29, 2006, hearing before the Deputy Commissioner in the present action. Rule 611(4) of the Workers' Compensation Rules of the North Carolina Industrial Commission.
2. An employment relationship existed between Plaintiff and Defendant-Employer On Call Nursing, which had three or more employees and was subject to the North Carolina Workers' Compensation Act from at least April 1, 2005, through September 23, 2005. The Industrial Commission has jurisdiction over the parties and the subject matter. N.C. Gen. Stat. § 97-2(1).
3. Plaintiff suffered a compensable injury to her back by specific traumatic incident on September 23, 2005, arising out of and in the course of employment while assisting a patient with a bath. N.C. Gen. Stat. § 97-2(6).
4. Plaintiff's average weekly wage on the date of her injury was $315.00, yielding a compensation rate of $210.00. N.C. Gen. Stat. §97-2(5).
5. Plaintiff is entitled to have Defendant-Employer On Call Nursing pay her temporary total disability compensation at the rate of $210.00 per week from September 24, 2005, through January 24, 2006, which amounts to 17 weeks and four days or $3,690.00. N.C. Gen. Stat. § 97-29.
6. Plaintiff is entitled to have Defendant-Employer On Call Nursing pay for all medical expenses reasonably related to her compensable injury that were incurred to lessen the period of her disability, effect a cure, or give relief. N.C. Gen. Stat. § 97-25.
7. An employer subject to the North Carolina Workers' Compensation Act is obligated to carry workers' compensation insurance or be licensed as a self-insurer. N.C. Gen. Stat. § 97-93. An employer who is required to secure workers' compensation insurance pursuant *Page 8 
to N.C. Gen. Stat. § 97-93 who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) per each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00), for each day of such refusal or neglect and until the same ceases. N.C. Gen. Stat. § 97-94(b). In addition, any person with the ability and authority to bring an employer into compliance with N.C. Gen. Stat. § 97-93, and who fails to do so, may be assessed a penalty equal to 100% of the amount of compensation due to the employees injured during the time the employer failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d).
8. Defendant-Employer On Call Nursing failed to comply with N.C. Gen. Stat. § 97-93 and is subject to penalties pursuant to N.C. Gen. Stat. § 97-94(b). Defendant-Employer had three or more employees and did not have workers' compensation insurance as required by N.C. Gen. Stat. § 97-93 from at least April 1, 2005, through September 23, 2005, which amounts to 176 days.
9. Because the record of evidence fails to show that Defendant Sherry Trotter in her individual capacity was served with reasonable notice of the September 29, 2006 hearing before the Deputy Commissioner in accordance with Rule 611(4) of the Workers' Compensation Rules of the North Carolina Industrial Commission, the Full Commission declines to address at this time the issues of what penalties, if any, may be owed by Defendant Sherry Trotter, or whether she is a person with the ability or authority to bring Defendant-Employer in compliance with N.C. Gen. Stat. § 97-93, pursuant to N.C. Gen. Stat. § 97-94(d).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following: *Page 9 
 AWARD
1. Defendant-Employer On Call Nursing shall pay Plaintiff temporary total disability compensation at the rate of $210.00 per week from September 24, 2005, through January 24, 2006, which amounts to 17 weeks and four days or $3,690.00. This amount has accrued and shall be paid to Plaintiff in one lump sum, subject to the attorney's fee set out below.
2. An attorney's fee of 25% of the lump sum amount of disability compensation that has accrued and is due and owing to Plaintiff shall be deducted and paid directly to Plaintiff's counsel.
3. Defendant-Employer On Call Nursing shall pay for all medical expenses reasonably related to Plaintiff's compensable injury that were incurred or will be incurred to lessen the period of disability, effect a cure, or give relief, including reimbursement to Plaintiff for out of pocket expenses.
4. Plaintiff's counsel shall send a copy of this decision to all of the healthcare providers in this matter who have not been paid for services provided to Plaintiff related to her compensable injury. The healthcare providers with outstanding bills in this matter shall not seek to obtain collection of these bills from Patricia Ann Melvin Spearman. The healthcare providers shall direct their collection efforts to Defendant-Employer On Call Nursing, whose address appears to be 202 Sampson Street, Suite 7, Clinton, NC 28328 or 500 N. Raleigh Road, Fayetteville, NC 28303, based upon information in the Industrial Commission file. Failure to comply with this Order by the healthcare providers and their collection agencies will result in the initiation of contempt proceedings against persons in violation of this Order.
5. Pursuant to N.C. Gen. Stat. § 97-94(b), a civil penalty in the amount of $50.00 per day is hereby assessed against Defendant-Employer On Call Nursing for failure to maintain *Page 10 
workers' compensation coverage on its employees from at least April 1, 2005, through September 23, 2005, which amounts to 176 days or $8,800.00. Defendant-Employer On Call Nursing shall make a check payable to the North Carolina Industrial Commission in the amount of $8,800.00 and send it to Assistant Attorney General Tracy Curtner, North Carolina Department of Justice, Attorney General's Office, ATTN: Tort Claims, PO Box 629, Raleigh, NC 27602.
6. Case Number PH-1595 is hereby severed and remanded to the Deputy Commissioner Section solely for a determination as to whether Defendant, Sherry Trotter, had the ability and authority to bring Defendant-Employer On Call Nursing into compliance with the North Carolina Workers' Compensation Act between April 1, 2005, and September 23, 2005 and if so, what penalty should be assessed. A hearing on this issue shall be held only after Sherry Trotter, individually, has been given reasonable notice of the claim against her pursuant to Rule 611(4) of the Workers' Compensation Rules of the North Carolina Industrial Commission.
7. Should the parties resolve this claim, the parties shall send written notice to the Industrial Commission to the attention of Commissioner Bernadine S. Ballance, and Defendant-Employer On Call Nursing shall contact Assistant Attorney General Tracy Curtner to discuss resolution of the penalties assessed above for failure to have workers' compensation insurance and to provide proof of current compliance with the Act.
8. Defendant-Employer On Call Nursing shall pay the costs.
This the ___ day of January, 2008.
S/_______________ BERNADINE S. BALLANCE COMMISSIONER *Page 11 
CONCURRING:
 S/_______________ DANNY LEE McDONALD COMMISSIONER
 S/_______________ BUCK LATTIMORE COMMISSIONER
 *Page 1